Smith, J.
We are of the opinion that there was no substantial error in the rulings of the trial court as to the admission or rejection of evidence prejudicial to the plaintiff in error. Some evidence was ruled out which we think was competent, but afterwards the same evidence, substantially, was given tc the jury by the same witnesses, and thus the error was cured, and was not prejudicial to the plaintiff in error.
It is claimed by counsel for the plaintiff in error, that in many particulars the court erred in the - charge given to the jury, and in refusing to give certain special charges asked to be given.
Properly to answer the questions raised, the issues made by the pleadings, and what the evidence tended to prove must be considered. The petition filed May 19, 1890, in substance,was that the defendant is a corporation, and is a common carrier, engaged in carrying passengerg and freight over its road from Cincinnati to Dayton, and that on November 28, 1889,- and for a long time before, he, the plaintiff Hedges, was in the employ of said defendant as foreman of a switch crew, engaged in switching and transferring cars from point to point in the Hamilton yard of the company, and on said day the plaintiff, in the discharge of his duties as such employe, was engaged in letting off the brakes which had been set on a box freight car, then in use by the defendant; and while so engaged, without any fault on his part, the plaintiff was thrown and caused to fall,and thus was *256 severely injured; and he then proceeds to describe what the defect was, and the particular nature of the accident to himself,averring that while he was in the discharge of his duties, and in a proper,prudent and careful way was about to let off the brake, it unexpectedly let go of its own accord, striking the plaintiff, and inflicting the injury upon him. That the brake machinery and apparatus were defective, out of repair and in a dangerous condition, and that the ratchet wheel on the brake rod was old and worn, so that the notches thereon were so worn away that the iron pawl failed to catch and securely hold the same, and that said iron pawl or brace was worn,or loose, and that the bolt which held the same on said board had no nut thereon, and had become loose, so that said iron pawl failed to hold said ratchet wheel. It was further averred that said defective, improper and dangerous brake apparatus and machinery were so used and maintained by the defendant carelessly and negligently, and with full knowledge of said defective, improper and dangerous condition aforesaid.
The answer of the defendant admits the allegations as to its being a corporation, common carrier, etc, and that plaintiff, while in its employ as stated, was injured as alleged, but denies all the other allegations of the petition.
It is to be noted that in this petition, the plaintiff nowhere avers that he was ignorant of the fact at the time or before he was so injured, that the machinery was defective, as he now alleges that it was. We incline to the opinion that this should have been averred and proved. The case of Railroad Co. v. Barber, 5 Ohio St., 541, tends strongly to support this view. It was there held that:
“The conductor of a train of railway cars, being the representative of the company in the command and management of the train, and not being under the immediate control or direction of a superior officer, is held to ordinary and reasonable care and diligence,not only m the management of *257 the train, but also in the due inspection of the cars, machinery and apparatus of the train, as to their sufficiency and safety: And if he received an injury while neglecting that care and diligence required of him in the management of his train, or by reason of any defect or insufficiency of the cars, machinery or apparatus, with a knowledge of which he was running the train, or which could have been known to him by the exercise of the care and diligence required of him in the performance of his duty; or in other words, if his neglect in either of these particulars contributed as a proximate cause of the injury, he can have no right of action against the company for damages
“In such action the plaintiff, in order to lay a sufficient foundation for a recovery and judgment for an injury received by him while acting as such conductor, must aver or show in his petition, in addition to the allegation that he had not a knowledge of the insuffi.ciency or defects which were the alleged cause of the injury, that he had exercised due care and diligence in the use and examination or inspection of the cars, machinery, etc. belonging to the train, while the same were in his charge and under his direction.”
(Sections 3 and 5 Sub-divisions of the syllabus.)
. In the case at bar, as was alleged and conceded, the plaintiff was the foreman of the switching train, and not, as we understand, under the immediate control of a superior or supervisory agent; and it is difficult to see why the statement in the syllabus referred to, as to the duties of the conductor of a freight train,does not apply to him. But if not, it would seem that he was bound to use due care in the use of the machinery, and to aver and show that the defects complained of were unknown to him. By his proof he does attempt to do this .to a certain extent; but on his own evidence, there is some question whether he did not discover the defect complained of in time to have avoided the injury to himself.
We refer to this as being of importance in the consideration of the question whether there was er;ror in the charge *258 given by the court to the jury. In the general charge given, the trial judge, after stating the issues as made by the pleadings, (not very accurately however, for he entirely omits the averment of the petition that the plaintiff while engaged in letting off the brakes which had been set on the car, “without any fault on his part was thrown and caused to fall”), proceeds to say, as to the duties imposed on the plaintiff:
“These duties, as has been stated to you, were to make up trains, to separate trains brought in, and to make up trains, and switch the different cars to make up trains to different destinations: The evidence shows you also that there were other parties,called inspectors,whose duty it was to inspect cars and see they were in proper condition. If you find that it was'no part of the duty of Mr. Hedges on that day to inspect the cars to see whether they were in proper condition or not, then he is not chargeable with any notice on that subject, unless it was a matter that he had knowledge of — then of course, he is bound to take notice of the condition of the cars when he is performing his duties as switchman.
“I say to you that if this dog was out of-condition, or if this rachet. wheel was out of condition, or both, and the defendant company had knowledge of the fact, then Mr. Hedges is entitled to recover. The converse of that proposition is true, namely: if the defendant company had no knowledge of it, or if by reasonable diligence it could not have ascertained that fact, then the defendant company is not liable. ’’
Again, in another place,the court says:
“As to the knowledge of the company, it is for the jury to consider whether the defendant company had actual knowledge of the condition. If it had, then it is liable for this damage on its failure to repair; or, if by reasonable diligence it could have ascertained the condition of this nut, assuming that it was out of order, then it is equally liable. ’’
It seems to us that in the giving of these charges the *259 court erred to the prejudice'of the defendant company in this: that the jury were substantially charged twice, without any qualification whatever, that if the machinery in question was out of order, and the company had knowledge of it, or by reasonable diligencej could have obtained such knowledge, the plaintiff was entitled to recover, totally ignoring the question whether the plaintiff himself had knowledge of this defect in the machinery at the time, or by the exercise of proper care on his part could have discovered it, and thus have avoided the injury, as to which, in our opinion, there was evidence tending to prove that such was the cáse even on the evidence offered by the plaintiff himself. This is emphasized and made more clear by the refusal of the court to give to the jury the sixth special charge asked by defendant’s counsel, as follows:
“Defendant requested the court to state generally to the jury that if Nathanial Hedges, the plaintiff, failed to use ordinary care in unwinding the brake upon the wheels of the car, and that by reason of his want of ordinary care he contributed in any degree to his injury, he can not recover.’’
After this the court further charged the jury as follows:
“The court thinks that it has or at least it intended to give this as a portion of its charge viz.: That it was the duty of Mr. Hedges to act in a careful prudent manner,in a reasonable manner, to use reasonable diligence in switching these cars.
. “The court charges the jury now, (and thinks it did before) that if the evidence shows to you that it was the duty of other persons to examine the cars, inspect them, to see that they were all right, and it was the dutyof Mr. Hedges simply to switch them, that he was not bound to make any examination except what he discovered in the course of his switching duties, and if he discovered any defect during his discharge of those duties of switchman, having charge of a crew switching cars, of course it was his duty to take notice of it, and it was his duty to report it to the car inspector. ’’
*260 Tais supplementary charge wholly failed to cure any error in the charge given, or in refusing to give charge No. 6 asked for, and which ought to have been given. It only says if he did discover it in the discharge of his duty,it was his duty to take notice of it and report it to the inspector.
But suppose he discovered it was dangerous,and that as a prudent man he should not attempt to unwind the brake, and yet he did so, and thus produced the injury. Should the court not have said that in such case he was not entitled to recover? . But there is not a syllable in the charge which deals with this phase of the case. Proper exceptions were taken to all of these ch >rg;s and failure to give the special charge No. 6.
Exception was also taken to the charge of the court as given, and the refusal of the court to give special charge No. 7, asked for as to the burden of proof being upon the plaintiff, and the applicability of the law of April 2, 1890, (87 Ohio Laws, 150), or any part of it to this case. As has been stated, the injury to the plaintiff occurred before the passage of the law, but the action was commenced after-wards. The court, in effect, charged that the provision of the law that where an employe of a railroad company is injured while in the discharge of his duty, by reason of defective machinery, and the defect is made to appear at the trial, the same shall be prima facie evidence of negligence on the part of the corporation. This we think was correct. Though the injury happened before the passing of the act, the action was commenced afterwards, and was governed as to matters, of evidence by the law then in force; and the court also correctly stated the law as to the burden being on the plaintiff to show negligence on the part of the defendant company. The other special charges asked for by the defendant were, we think, either given in substance, or contained some statement of law which justified the court in refusing to give them.
Millikin, Shotts & Millikin, for Plaintiff in Error.
Morey, Andrews & Morey, for Defendant in Error.
Exception was also taken to various parts of the .charge of the court, as announcing to the jury what had not been proved by the evidence in the case. We think that the charge in some particulars is open to criticism in this respect. It is the du|y of the jury to say what has or has not been shown on a particular subject, and the court, where there is any room for difference of opinion as to these matters, should avoid any expression of opinion in the charge to the jury on such subjects; but in this case,it is unnecessary further to refer to them.
While there is conflict in the evidence, or some question as to whether the plaintiff exercised due care, we do not think the verdict was so manifestly against the weight of the evidence as to require a reversal of the judgment, But on the other grounds stated, the judgment will be reversed, and the case remanded for a new trial.